UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60088-CIV-MARRA

NIZAR GHIDON, CARLYLE FELIX,
MOHAMED ADBEL-AAL, HENRY
VARONA ARAGON, YAACOV KOBI
ARAZI, ISMAEL BRUGES, VINCENT
CUBITO, JAEL FERNANDEZ,
RAIMUNDO GONZAGA, PEDRO
GONZALEZ, MIGUEL ANGEL
GUERREROS, LESLIE MATHURIN,
CARLOS VEGA, AND MYRIAM
WYNN, each on behalf of himself or
herself and all others similarly situated,

Plaintiffs,

vs.

RICK CASE ENTERPRISES, INC., a
Florida corporation, RICK CASE CARS, INC.,
a Florida corporation, RICK CASE HYUNDAI,
INC., a Florida corporation, RICHARD J.
CASE, Individually, and RITA M. CASE,
individually,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants' Motion for Abatement of Proceedings and Motion to Compel Arbitration (DE 9). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiffs bring this two-count Amended Complaint alleging a violation of the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (count one) and a violation of the anti-retaliation provisions of the FLSA (count two). In response,

Defendants have moved to compel arbitration, claiming that Plaintiffs have agreed to participate in a voluntary and binding arbitration to resolve all disputes arising out of their employment contract. The arbitration agreement states, in relevant part, as follows:

> I voluntarily agree that any claim, dispute, and/or controversy including, but not limited to any claims of discrimination and harassment whether they be based on the State's Civil Rights Act, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination Employment Act as well as any other state or federal laws or regulations which would otherwise require or allow resort to any court of governmental dispute resolution forum between myself and the company . . . arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, separation of employment, or other association with the Company whether based on tort, contract, statutory or equitable law, or otherwise, (with the sole exception of claims arising under the National Labor Relations Act, which are brought before the National Labor Relations Board, claims for medical and disability benefits under Worker's Compensation, Unemployment Compensation claims filed with the state, and charges of discrimination filed and processed before the EEOC), shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of this State Arbitration Code. . . .

(Arbitration Agreement, DE 9-2.)

Plaintiffs do not claim that they did not sign the agreement or that the agreement is, in any way, invalid. Instead, they argue that FLSA claims are not subject to arbitration and that arbitration is too expensive. Furthermore, Plaintiffs have filed a cross-motion to allow discovery to determine the costs of proceeding with arbitration. After careful consideration, the Court grants Defendants' motion and denies Plaintiffs' motion for discovery.

There is a strong federal policy supporting arbitration agreements. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). One of the purposes of the FAA is "ensure judicial enforcement of privately made agreements to arbitrate." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 219 (1985). Arbitration agreements must be "rigorously enforce[d]" by the courts. Id. at 221.

Here, the language of the arbitration agreement clearly encompasses employment disputes. Although the agreement does not specifically state that FLSA claims are covered under the agreement, it does include general language that statutory claims arising from federal laws, which can be resolved in court, and arise from Plaintiffs' employment with Defendants, would be resolved by arbitration. Based on this language, the Court finds that the FLSA claims are subject to arbitration. Cf. Paladino v. Avnet Computer Technologies, Inc., 134 F.3d 1054, 1059 (11th Cir. 1998) ("an arbitration agreement [need not] specifically list every federal or state statute it purports to cover.").

Nonetheless, Plaintiffs argue that FLSA claims are not subject to arbitration. However, "[t]he Eleventh Circuit has implicitly approved arbitration of FLSA claims." Sammons v. Sonic-North Cadillac, Inc., No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at * 4 (M.D. Fla. Aug. 7, 2007) citing Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359 (11th Cir.2005) (affirming district court's decision to compel arbitration of claims under Title VII, the FLSA, the ADEA and ERISA); Montes v. Shearson Lehmon Bros., Inc., 128 F.3d 1456, 1458 (11th Cir. 1997) (finding that the district court's referral of FLSA claims to arbitration was proper); Bolamos v. Globe Airport Sec. Servs., Inc., No. 02-21005-CIV- Moreno, 2002 WL 1839210 (S.D. Fla. May 21, 2002), aff'd, 64 Fed. Appx. 743 (11th Cir.2003) (affirming without opinion district court's finding that arbitration applies to statutory claims such as the FLSA). Furthermore, other circuits have held that FLSA claims are subject to arbitration agreements. See, e.g., Carter v. Countrywide Credit Industries, Inc., 362 F.3d 294 (5th Cir. 2004); Bailey v. Ameriquest Mortg. Co., 346 F.3d 821 (8th Cir. 2003); Adkins v. Labor Ready, Inc., 303 F.3d 496 (4th Cir. 2002); Kuehner v. Dickinson & Co., 84 F.3d 316 (9th Cir. 1996). Based on this precedent, the Court

rejects Plaintiffs' contention.

Finally, the Court denies Plaintiffs' cross-motion for discovery. Plaintiffs state that they must be afforded discovery in order to show that arbitration would be cost-prohibitive and therefore fundamentally unfair.[1] The information sought by Plaintiffs from Defendants is information that Plaintiffs could have ascertained by simply conducting their own investigation.[2] Indeed, both parties are in the same position with respect to obtaining this type of information. However, Plaintiffs, not Defendants, bear the burden to show the likelihood of incurring prohibitive costs from arbitration. Anders v. Hometown Mortgage Svcs., Inc., 346 F.3d 1024, 1028 (11th Cir. 2003) citing Green Tree Financial Corp. v. Randolph, 531 U.S. 79 (2000) ("a party seek[ing] to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, [ ] bears the burden of showing the likelihood of incurring such costs.") Plaintiffs have failed to meet this burden. In addition, Plaintiffs have failed to show that discovery is warranted.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Abatement of Proceedings and Motion to Compel Arbitration (DE 9) is **GRANTED**. The case shall be stayed pending completion of the arbitration and the clerk shall administratively close the

---

[1] Plaintiffs attach affidavits stating that they are unable to pay for the costs relating to the arbitration and that they lack any income or savings. (DE 19-2.)

[2] Plaintiffs interrogatories request the following: "Who is being proposed as the arbitrator, and at what hourly rate?" "What are the filing fees?" "What is your estimate of the total cost of the arbitration and what is the basis for that estimate?" "Who would be responsible for paying the fees initially" and "at the conclusion of the arbitration?" and "Where in the 'Comprehensive Agreement[s]/Employment At-Will and Arbitration' that are appended to the motion to compel arbitration are the payment arrangements set forth?" (DE 19-3.)

case.  All pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 4th day of May, 2009.

_____
KENNETH A. MARRA
United States District Judge